UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

BVI Marine Charters Ltd.,
d/b/a Virgin Charter Yachts

    Plaintiff,

v.

M/Y Purravida,
her engine, tender(s),
personal watercraft, tackle, apparel,
furnishings and appurtenances,
whether onboard or not, *in rem*

and

Hudson Powercats 05 (BVI), Ltd.

    Defendants.
_____/

## VERIFIED COMPLAINT

The Plaintiff, BVI Marine Charters, Ltd. d/b/a Virgin Charter Yachts (hereinafter "VCY"), by and through undersigned counsel hereby submits its Verified Complaint against *in rem* Defendant Vessel, her engines, tackle, appurtenances, spares and equipment appertaining whether onboard or not, ("Vessel") and Defendant Vessel Owner ("Owner") and alleges as follows:

1. This is an action within the admiralty and maritime jurisdiction of 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This is a Rule C claim to enforce a maritime lien for necessaries under 46 U.S.C. § 313, et seq. against the Vessel pursuant to the legal doctrine of advances for the

monetary advances made by the Plaintiff to providers of goods and services amounting to necessaries.

3. This is also Rule B claim to attach Defendant Owner's property, the Vessel, for a maritime claim as Owner cannot be found within the District.

4. Plaintiff VCY is a British Virgin Islands corporation that assists, manages and charters vessels on behalf of owners, such as providing advances for goods and services like fuel and crew, such as those provided to the Defendant Vessel giving rise to this matter.

5. At all material times, Defendant Vessel, was and is a British Virgin Islands' flagged 2018 14.62 meter Hudson Power Catamaran motor yacht named PURRAVIDA, which is now and will be during the pendency of these proceedings, in Broward County, Florida and/or within the jurisdiction of this Honorable Court located at a last known location of 4113 NE 34th Ave, Fort Lauderdale, FL 33308.

6. At all material times, Defendant Owner is a foreign British Virgin Islands corporation with a principal place of business at Nanny Cay, Tortola, British Virgin Islands and after diligent research cannot be found within the District.

7. VCY invokes the maritime procedures specified in Federal Rule of Civil Procedure 9(h) and the Supplemental Rules for Certain Admiralty and Maritime Claims, particularly Rules B and C thereof.

8. Venue is proper because the Vessel can be found in this District.

9. The Court has supplemental subject matter jurisdiction under 28 U.S.C. 1367 over VCY's state law claims against the Owner for account stated, open account and quantum meruit.

## BACKGROUND FACTS

10. VCY re-alleges and incorporates all allegations contained in Paragraphs 1-9 of the Verified Complaint as if fully set forth herein.

11. In October 2018, the Vessel was located in the British Virgin Islands and the Owner sought the assistance and management of arranging travel for the Vessel from the British Virgin Islands to Fort Lauderdale Florida for the purpose of marketing the Vessel at the Fort Lauderdale International Boat Show.

12. Originally, the parties sought to move the Vessel on a carrying ship to transport it to Fort Lauderdale, but in mid-October the shipping company/agent advised there was a delay with the carrying ship and the parties sought alternative logistics which resulted in the agreement to bring the Vessel to Fort Lauderdale on its own bottom with hired crew.

13. The Owner enlisted VCY to arrange for the services and goods necessary to bring the Vessel to Fort Lauderdale in order to make the deadline for the Boat Show.

14. VCY acted professionally and diligently securing quotations from able crew members and provisioning the Vessel for its mission with fuel, all under the agreement of the Owner.

15. In between October 12 and October 17, 2018, VCY continually keeps the Owner, through its authorized representative Chris Doscher, President of affiliate entity Hudson Yacht Group Ltd., continually informed of the circumstances.

16. Owner advised VCY that the Vessel was needed to market at the Fort Lauderdale Boat Show, which resulted in a situation where the Vessel would have to be run fast, thereby increasing fuel burn.  VCY advised that they would load extra drums of fuel into the cockpit, to decrease the need for stops along the way and lose precious time to make

the load-in date. VCY also informed Owner that insurance was requiring three crew members for the journey.

17. Owner was in agreement on all services and goods to be rendered, confirmed in writing communications attached hereto as Exhibit "A".

18. VCY further asked whether the Owner wished to provide its own credit card for the services and goods or whether VCY should advance the funds and invoice the Owner. Owner responded "With regard to cash / expenses it will be best if you invoice us as it will be much easier...". *Id.*

19. VCY complied and secured the three crew members required by the insurer to bring the Vessel to Fort Lauderdale as well as advanced the monies necessary for the fuel needed, as per its agreement with the Owner.

20. The Vessel arrived safely to Fort Lauderdale and in time to secure a spot in the Las Olas Marina to be displayed during the Fort Lauderdale International Boat Show.

21. VCY submitted its invoice to the Owner for the amounts due.  Given that insurance required extra crew members, as the move came during hurricane season as well as the fuel, the total for the advances VCY made on behalf of the Owner for the goods and services rendered to the Vessel was $23,644.73.

22. Notably, this total was less than the $27,000 the Owner *expected and agreed* to pay when they agreed to go ahead with shipping.

23. Nevertheless, the Owner never made payment.

24. When VCY continued to follow up on payment, the Owner never objected and always acknowledged the payment due.

25. On December 11th, Mr. Doscher acknowledged he forwarded the invoice for payment and would remind the Owner that payment was due.

26. On January 8, 2019, Mr. Doscher asked for the invoice again (which was provided) and acknowledged that he was getting the invoice taken care of.

27. On. January 22, 2019, Mr. Doscher advised that VCY can expect payment in the last week of January.

28. On February 10th, when payment was never made, Mr. Doscher advised that VCY should fly from the British Virgin Islands to meet the Owner face to face and then "miraculously you will see money."

29. A few days later, VCY advised that they would travel to Miami for the Miami Boat Show and requested a check for pick up, a request which went unanswered.

30. During the Miami Boat Show, less than one week later, VCY came to Miami, and visited Mr. Doscher at the boat show, wherein he replied he would bring the Owner's ultimate beneficial owner with him for payment at the VCY booth; VCY never saw or heard from the Owner or Owner's agents ever again.

31. Since February, neither Mr. Doscher nor anyone with Hudson has responded to any emails, phone calls or voice messages.

32. These damages in the amount of at least $23,644.73, not including VCY services rendered, interest, costs and attorneys' fees for bad faith under maritime law are due now and have not been paid.

33. These charges for the services provided are reasonable in the industry and were also agreed to by the Owner.

**COUNT I -- MARITIME LIEN FOR NECESSARIES**

34. VCY re-alleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35. VCY brings this Count *in rem* against the Vessel pursuant to 46 U.S.C. § 313, et seq., and in accordance with Supplemental Admiralty Rule C.

36. VCY is a British Virgin Islands company that acted as a manager and an advancer of goods and services to the Defendant Vessel.

37. As set forth in this Verified Complaint, VCY advanced monies for goods and services necessary to Defendant Vessel, i.e. crew and fuel which are necessaries, upon the authority of the Vessel's Owner and agents, Chris Doscher, who had actual authority from the Vessel Owner by the terms and nature of his being the President of Hudson Yacht Group Ltd., the Owner's designated agent, and appeared with authority to the Plaintiff as the authorized agent in control of the logistics for the Vessel on behalf of the Owner.

38. As set forth herein, these necessaries were vital to the continued operation of the Defendant Vessel and qualify as necessaries under 46 U.S.C. § 313, et. seq.

39. As such, it is respectfully requested that this Court issue a summons and warrant for the arrest of the Vessel and order for sale of the Vessel, thereby allowing, at least in part, VCY to enforce its maritime lien for necessaries and to satisfy its maritime lien in the amount of at least $23,644.73, plus interest together with all other losses and expenses permitted by law, including but not limited to costs, attorneys' fees, and interest.

40. WHEREFORE, Plaintiff, VCY prays that after due proceedings are had:

a. That process, in due form and according to the rules and practices of this Court in a cause of admiralty and maritime jurisdiction, be issued against the Vessel, authorizing the *in rem* arrest and seizure of said vessel.

b. That all persons claiming any right, title, and interest in said vessel be summoned to appear and answer under oath, all in the singular, the matters aforesaid and that said vessel be condemned and sold to pay the demands as aforesaid, with costs, attorneys' fees, and interest;

c. That judgment be entered in favor of Plaintiff, VCY, and against Vessel, *in rem*, in the amount of at least $23,644.73, plus all interest, attorneys' fees and costs, together with all such losses permitted by law; and

d. For any other relief which justice requires or may be deemed appropriate by this Court.

## COUNT II – BREACH OF MARITIME CONTRACT – MARITIME ATTACHMENT - QUASI *IN REM*

41. VCY re-alleges the allegations contained in paragraphs 1- 40 as if fully set forth herein.

42. Undersigned counsel for Plaintiff has contacted the Secretary of State of Florida and verified that Defendant is not registered to do business within the State of Florida and has not appointed any registered agent for service of process.

43. As such, Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant has assets within this district consisting of its Vessel, located at 4113 NE 34th Ave, Fort Lauderdale, FL 33308 and therefore within the physical jurisdiction of this Court.

44. As such, Plaintiff invokes Rule B to attach the Defendant Vessel to obtain *quasi in rem* jurisdiction and security for the maritime claim over the and from the *in personam* Defendant

45. VCY and the Defendant Owner agreed with each other that the VCY would advance monies for goods and services to the Defendant Owner's Vessel, specifically in the form of crew and fuel.

46. Defendant knew of the services and goods for which advancement of funds would be paid by VCY, acknowledged and agreed to VCY making the payments, Owner requested an invoice for the advances, received the invoice, agreed to the invoice and to pay the invoice, repeatedly promised to pay the invoice, and then materially breached the contract by not paying.

47. The contract remains materially breached as payments due have not been made as agreed by the Owner.

48. Defendant has failed to pay the agreed charges and has caused the Plaintiff damages as a result.

49. VCY was required to retain legal counsel to file and handle this suit and recover the damages owed. These fees must be paid by the Defendant as the facts set forth herein are tantamount to bad faith under admiralty law.

50. VCY is entitled to recover its attorney's fees, custodial legis expenses, U.S. Marshal expenses, court filing fee, and prejudgment interest, and all other costs in accordance with the agreement and all applicable law.

WHEREFORE, VCY demands the following relief:

    a. That process be issued against the *in rem* Defendant Vessel, her engines, tender, personal watercraft, tackle, rigging, apparel, furniture, furnishings, and appurtenances; *in rem;*

    b. That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

    c. That upon proper notice and hearing, judgment be entered against the *in personam* Defendant for damages, including interest, costs and fees;

    d. That the Court order the Vessel, her engines, tender, personal watercraft, tackle, rigging, apparel, furniture, furnishings, and appurtenances; *in rem* be sold by the U.S. Marshal to pay Plaintiff's judgment;

    e. That Plaintiff be permitted to credit bid up to the full amount of its judgment or lien against the Vessel at any U.S. Marshall's sale; and,

    f. For the Court to grant VCY such other and further relief as the Court deems just and proper.

## COUNT III – ACCOUNT STATED

51. VCY re-alleges the allegations contained in paragraphs 1- 50 as if fully set forth herein.

52. The Agreement between the Plaintiff and the Owner says that invoices would be rendered and paid by the Owner.

53. The invoices were submitted to the Owner and/or its authorized agents.

54. The owner acknowledged the charges and rates but never paid the invoice.

55. A statement of account was provided to the Owner, who breached the agreement and account by refusing to pay.

56. No objections were made to the invoices and/or statement of account.

57. As a direct and proximate result of Owner's refusal to pay the accounts stated, VCY sustained damages of $23,644.73 concerning the services and supplies it provided to the Vessel during the time periods shown.

WHEREFORE, Plaintiff demands judgment against *in personam* Defendant Owner and requests an award of damages, prejudgment interest, court filing fees, costs, attorneys' fees and any other relief the Court deems proper.

Dated: July 8, 2019.                                        Respectfully submitted,

**WAGNER LEGAL**
Attorney for Plaintiff
3050 Biscayne Blvd., #904
Miami, FL 33137
Telephone: (305) 459-3005, Ext. 101
By: /s/ Scott A. Wagner
Scott Wagner, Esq.
Florida Bar No. 10244
sw@WagnerLegalCo.com